UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATRINA R. RODRIGUEZ, ON BEHALF OF HERSELF, ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>U.S. HEALTHWORKS, INC., A DELAWARE CORPORATION, et al.,<br><br>Defendants. | Case No. 17-cv-06924-KAW<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO EXTEND DISCOVERY CUTOFF**<br><br>Re: Dkt. No. 55 |

Plaintiff Catrina R. Rodriguez filed a putative class action against Defendants U.S. Healthworks, Inc. and U.S. Healthworks Medical Group Professional Corporation, alleging violations of the federal Fair Credit Reporting Act ("FCRA") and similar California statutes. (*See* Compl. ¶¶ 2-3, Dkt. No. 1-2.) On April 16, 2019, Plaintiff filed the instant administrative motion to extend the February 1, 2019 fact discovery deadline. (Plf.'s Mot., Dkt. No. 55.) The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b), and for the reasons stated below, DENIES Plaintiff's motion.

## I. BACKGROUND

On October 24, 2017, Plaintiff filed the instant case, alleging that "Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports . . . to conduct background checks on Plaintiff and other prospective, current and former employees . . . without providing proper disclosures and obtaining proper authorization in compliance with the law." (Compl. ¶ 2.) On December 4, 2017, Defendants removed the case to federal court based on federal question jurisdiction. (Not. of Removal ¶ 5, Dkt. No. 1.)

On May 1, 2018, the Court held an initial case management conference. (Dkt. No. 17.)

1 The Court set a fact discovery deadline of November 30, 2018. (*Id.*)

2 On May 4, 2018, Plaintiff propounded Special Interrogatory No. 1, asking Defendants to produce a class list. (Plf.'s Mot. at 2.) Defendant eventually responded with the number of class members, but did not identify the individuals. (*Id.* at 2-3.)

On December 17, 2018, the parties filed a proposed order extending trial deadlines. (Dkt. No. 38-1.) The extensions included continuing the fact discovery deadline to February 1, 2019 and the dispositive motion hearing date to May 16, 2019. (Dkt. No. 38-1 at 2.) On December 19, 2019, the Court entered the proposed order.

On February 5, 2019, after the fact discovery cutoff, Defendants served a deposition notice on Plaintiff. (Setareh Decl. ¶ 7, Dkt. No. 55-1; Chhokar Decl. ¶ 6, Dkt. No. 57-1.) On February 18, 2019, Plaintiff served a 30(b)(6) deposition notice on Defendants. (*Id.*)

On February 25, 2019, the parties informed each other that they were unavailable for the depositions on the noticed dates. (Setareh Decl. ¶ 8.) That same day, Defendant requested what days worked for Plaintiff's deposition, and also stated: "Given the upcoming dispositive motion deadline in this case, we ask that Plaintiff's deposition be set for no later than Tuesday, March 19, 2019 . . . ." (Chhokar Decl., Exh. C at 1.) On February 28, 2019, Plaintiff asked Defendants to provide their availability for both depositions. (Setareh Decl. ¶ 8.) On March 1, 2019, Defendants responded with their availability for Plaintiff's deposition, and also provided formal objections to the 30(b)(6) deposition and gave Defendants' availability for the 30(b)(6) deposition. (Setareh Decl. ¶ 8, Exh. 3 at 1; Chhokar Decl. ¶ 7, Exh. B at 1.) Defendants also asked to schedule a meet-and-confer teleconference to clarify the 30(b)(6) deposition topics, and proposed dates. (Chhokar Decl., Exh. B at 1.)

After Plaintiff failed to respond, Defendants followed up on March 7, 2019. (Chhokar Decl. ¶ 9, Exh. B at 1.) Defendants again emphasized that the dispositive motion deadline was coming up, and that Plaintiff's deposition would need to be taken no later than March 19. (*Id.*) Plaintiff did not respond. (Chhokar Decl. ¶ 9.)

On March 28, 2019, the parties conducted a telephone conference to discuss outstanding discovery issues and the filing of the joint case management conference statement. (Setareh Decl.

2

¶ 10; Chhokar Decl. ¶ 10.) Plaintiff asked if Defendants would be willing to extend the fact discovery deadline. (*Id.*) Defendants stated they would confer with their clients and respond. (*Id.*)

On April 1, 2019, Defendants filed their motion for summary judgment. (Dkt. No. 40.) On April 2, 2019, the parties filed their updated case management conference statement, in which Plaintiff stated her intent to file a motion to remand based on lack or Article III standing for her background check claim. (Dkt. No. 41 at 1.) Neither party raised the need for an extension of the fact discovery deadline. (*See* Dkt. No. 41.) On April 8, 2019, Plaintiff filed her motion to remand. (Dkt. No. 45.)

On April 9, 2019, the Court held a further case management conference. (Dkt. No. 47.) Again, neither party raised the need for an extension of the fact discovery deadline. (*See* Dkt. No. 46.)

On April 11, 2019, Plaintiff e-mailed Defendants regarding the extension of the fact discovery deadline. (Setareh Decl. ¶ 11.) On April 12, 2019, Defendants responded that they would not extend the discovery cutoff. (Setareh Decl. ¶ 11; Chhokar Decl. ¶ 10.) Defendants explained that they had wanted to take Plaintiff's deposition prior to filing their motion for summary judgment, but that "Plaintiff was uncooperative." (Setareh Decl., Exh. 5 at 1.)

On April 15, 2019, Plaintiff filed her opposition to Defendants' motion for summary judgment. (Dkt. No. 51.) In her opposition, Plaintiff requested that the Court defer the motion or allow time for discovery in light of Plaintiff's inability to conduct the Rule 30(b)(6) deposition. (*Id.* at 6-7, 10-11.)

On April 16, 2019, Plaintiff filed the instant motion to extend the fact discovery deadline to May 31, 2019. (Plf.'s Mot. at 2.) On April 22, 2019, Defendants filed their opposition. (Defs.' Opp'n, Dkt. No. 57.)

## II. LEGAL STANDARD

Per Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The "'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it

3

cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). If, however, "that party was not diligent, the inquiry should end." *Id.*

### III. DISCUSSION

The Court finds that Plaintiff has failed to demonstrate diligence in prosecuting this case. In *Godo Kaisha IP Bridge 1 v. Omnivision Technologies Inc.*, the district court denied a motion to extend the time to complete discovery. Case No. 17-cv-778-BLF, 2018 U.S. Dist. LEXIS 201744, at *1 (N.D. Cal. Nov. 27, 2018). There, Plaintiff knew when the fact discovery deadline was, yet waited until 'approximately one month before the close of discovery, to notice and schedule the depositions at issue." *Id.* at *4. The district court explained that "without some explanation for that delay or indication of factors outside Plaintiff's control, the Court cannot conclude that Plaintiff diligently pursued the discovery at issue." Because Plaintiff failed to show diligence in pursuing discovery, "'the inquiry should end'" and the motion to extend time denied. *Id.* (quoting *Johnson*, 975 F.2d at 609); *see also Wilson v. Frito-Lay N. Am. Inc.*, Case No. 12-cv-1586-SC, 2015 U.S. Dist. LEXIS 22880, at *7-8 (N.D. Cal. Feb. 25, 2015) (finding no good cause to extend the discovery deadline because "absent some circumstance outside Plaintiffs' control, it was unreasonable for Plaintiffs to wait, with full notice of the existence of relevant witnesses, until less than a month prior to the fact discovery cutoff to notice a third party deposition").

Likewise, Plaintiff here has made no showing of diligence. Plaintiff explains that an extension of the fact discovery deadline is needed so that Plaintiff can obtain a class list, conduct a 30(b)(6) deposition, and obtain all of the disclosure forms Defendants have used. (Plf.'s Mot. at 2-3, 5.) Plaintiff, however, does not provide any explanation for why Plaintiff failed to obtain this discovery before the fact discovery cutoff. The February 1, 2019 fact discovery deadline was set on December 19, 2018, when the Court entered the parties' stipulated extension of the trial deadlines. Plaintiff does not explain why she did not serve the 30(b)6) deposition notice until February 18, 2019, more than two weeks **after** the fact discovery deadline passed. (Setareh Decl. ¶ 7.) Plaintiff also offers no reason why she did not raise the dispute regarding the class list to the

4

Court until the instant motion to extend the fact discovery deadline, and it is not apparent to the Court if Plaintiff ever sought the disclosure forms from Defendants.[1]

Plaintiff also fails to explain why she did not seek an extension of the fact discovery deadline from the Court until April 16, 2019, more than two months after the fact discovery deadline and after Defendants had already filed their motion for summary judgment. Indeed, Plaintiff did not even suggest that she needed an extension of the deadline at the April 9, 2019 case management conference.

In short, Plaintiff has delayed in conducting discovery and seeking relief from the deadlines, and provides no explanation for that delay. Accordingly, the Court concludes that Plaintiff has not shown diligence, and thus there is no good cause for extending the fact discovery deadline.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motion to extend the fact discovery deadline.

IT IS SO ORDERED.

Dated: May 16, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] It also appears Plaintiff delayed during the parties' discussions for scheduling the depositions after the February 2, 2019 fact discovery deadline. Specifically, on March 1, 2019, Defendants provided their availability to Plaintiff for both depositions. (Chhokar Decl. ¶ 7, Exh. B at 1.) Defendants then followed up with Plaintiff on both March 7 and March 19, 2019 after Plaintiff failed to respond. (Chhokar Decl. ¶ 9.) Notably, Defendants had previously informed Plaintiff that they wished to conduct Plaintiff's deposition by March 19, 2019, in light of the upcoming dispositive motion deadline. (Chhokar Decl., Exh. C at 1.)

5